1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ORION S. EHRINGER,                        No.  2:16-cv-1961 JAM DB PS

12                  Plaintiff,

13          v.                                 ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   THE STATE OF CALIFORNIA, et al.,

15                  Defendants.

16

17          Plaintiff, Orion Ehringer, is proceeding in this action pro se.  This matter was referred to

18   the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19   before the court is plaintiff's amended complaint and motion to proceed in forma pauperis

20   pursuant to 28 U.S.C. § 1915.  (ECF Nos. 2 & 3.)  Therein, plaintiff alleges that the defendants

21   conspired to withhold evidence, commit perjury, and drug plaintiff in a state court proceeding.

22          The court is required to screen complaints brought by parties proceeding in forma

23   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

24   2000) (en banc).  Here, plaintiff's amended complaint is deficient and it appears that granting

25   leave to amend would be futile.  Accordingly, for the reasons stated below, the undersigned will

26   recommend that plaintiff's amended complaint be dismissed without leave to amend.

27   ////

28   ////

                                               1

1    **I.      Plaintiff's Application to Proceed In Forma Pauperis**

2              Plaintiff's in forma pauperis application makes the financial showing required by 28

3    U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

4    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

5    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

6    complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

7    1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

8    Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

9    Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

10   IFP because it appears from the face of the amended complaint that McGee's action is frivolous

11   or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

12   District Court to examine any application for leave to proceed in forma pauperis to determine

13   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

14   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

15             Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

16   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

17   state a claim on which relief may be granted, or seeks monetary relief against an immune

18   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

19   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

20   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

21   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

22   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

23             To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

24   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

25   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

26   true the material allegations in the complaint and construes the allegations in the light most

27   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

28   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

1  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

2  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

3  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

4  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5      The minimum requirements for a civil complaint in federal court are as follows:

6          A pleading which sets forth a claim for relief . . . shall contain (1) a
           short and plain statement of the grounds upon which the court's
7          jurisdiction depends . . . , (2) a short and plain statement of the
           claim showing that the pleader is entitled to relief, and (3) a demand
8          for judgment for the relief the pleader seeks.

9  Fed. R. Civ. P. 8(a).

10  **II.      Plaintiff's Amended Complaint**

11      Here, plaintiff's amended complaint fails to contain a short and plain statement of a claim

12  showing that plaintiff is entitled to relief.  In this regard, plaintiff's amended complaint does not

13  allege any cause of action.  Instead, the amended complaint contains only vague and conclusory

14  allegations.  For example, the amended complaint alleges that two named defendants "withheld

15  evidence and went as far as to commit perjury in court."  (Am. Compl. (ECF No. 3) at 2.)  That a

16  superior court judge "stated that he read what I sent in regard to wanting to execute a child

17  protection worker," and that plaintiff went to "a police substation reporting a crime and they

18  arrested [him] instead."  (Id. at 3.)

19      Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

20  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

21  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

22  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

23  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

24  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

25  enhancements.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

26  557).  A plaintiff must allege with at least some degree of particularity overt acts which the

27  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

28  ////

3

1    The amended complaint also alleges that plaintiff "informed both judges the district

2    attorney my public defender and not one of them cared nor did a thing," and that plaintiff was

3    "drugged by two Judges two psychologist's (sic) one psychiatrist the harper medical group my

4    attorney and the district attorney."  (Am. Compl. (ECF No. 3) at 2-3.)

5    Pursuant to the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review

6    alleged errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S.

7    462, 476 (1983) (holding that review of state court determinations can be obtained only in the

8    United States Supreme Court).  The Rooker-Feldman doctrine "stands for the relatively

9    straightforward principle that federal district courts do not have jurisdiction to hear de facto

10   appeals from state court judgments."  Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir.

11   2010); see also Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) ("Federal district

12   courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over

13   state court decisions.").

14   Under the Rooker-Feldman doctrine, a federal district court is precluded from hearing

15   "cases brought by state-court losers complaining of injuries caused by state-court judgments

16   rendered before the district court proceedings commenced and inviting district court review and

17   rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,

18   284 (2005).  The Rooker-Feldman doctrine applies not only to final state court orders and

19   judgments, but to interlocutory orders and non-final judgments issued by a state court as well.

20   Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide

21   Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986).

22   The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state

23   court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties

24   do not directly contest the merits of a state court decision, as the doctrine prohibits a federal

25   district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a

26   state court judgment."  Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008)

27   (internal quotation marks omitted).  "A suit brought in federal district court is a 'de facto appeal'

28   forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly

4

1    erroneous decision by a state court, and seeks relief from a state court judgment based on that

2    decision.'"  Carmona, 603 F.3d at 1050 (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann,

3    415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from

4    exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court'

5    seeks 'what in substance would be appellate review of the state judgment in a United States

6    district court, based on the losing party's claim that the state judgment itself violates the loser's

7    federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), *cert. denied* 547

8    U.S. 1111 (2006)).

9
10
11
12

> [A] federal district court dealing with a suit that is, in part, a
> forbidden de facto appeal from a judicial decision of a state court
> must refuse to hear the forbidden appeal.  As part of that refusal, it
> must also refuse to decide any issue raised in the suit that is
> 'inextricably intertwined' with an issue resolved by the state court
> in its judicial decision.

13   Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1

14   (stating that "a district court [cannot] entertain constitutional claims attacking a state-court

15   judgment, even if the state court had not passed directly on those claims, when the constitutional

16   attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S.

17   at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised

18   in the federal court action are 'inextricably intertwined' with the state court's decision such that

19   the adjudication of the federal claims would undercut the state ruling or require the district court

20   to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n.

21   16, 485).

22        Moreover, the Younger abstention doctrine forbids federal courts from interfering with

23   pending state criminal proceedings by granting injunctive or declaratory, absent extraordinary

24   circumstances that create a threat of irreparable injury.  See Younger v. Harris, 401 U.S. 37, 53-

25   54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992).  This doctrine has been

26   extended to apply to certain civil proceedings involving important state interests.  Pennzoil Co. v.

27   Texaco, Inc., 481 U.S. 1, 11 (1987); Middlesex County Ethics Comm'n v. Garden State Bar

28   Ass'n, 457 U.S. 423, 432 (1982).  In general, Younger abstention is appropriate when state

5

1  proceedings of a judicial nature:  (1) are ongoing; (2) implicate important state interests; and (3)

2  provide an adequate opportunity to raise federal questions.  Middlesex County Ethics Comm'n,

3  457 U.S. at 432; Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc).

4       Plaintiff's amended complaint also names as defendants two state court judges.

5  However, judges are absolutely immune from suit for acts performed in a judicial capacity.  See

6  Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 & n.10 (1993); Mireles v. Waco, 502 U.S.

7  9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 357-60 (1978); Ashelman v. Pope, 793 F.2d

8  1072, 1075 (9th Cir. 1986) (en banc) ("Judges are immune from damage actions for judicial acts

9  taken within the jurisdiction of their courts.").

10      Also named as defendants in the amended complaint are a district attorney and a public

11  defender.  District Attorneys are entitled to absolute prosecutorial immunity for conduct that is

12  "intimately associated with the judicial phase of the criminal process."  Van de Kamp v.

13  Goldstein, 555 U.S. 335, 341 (2009).  A public defender is not a state actor subject to suit under §

14  1983 because his function is to represent his client's interests, not those of the state or county.

15  See Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

16      Accordingly, for the reasons stated above, plaintiff's amended complaint should be

17  dismissed for failure to state a cognizable claim.

18  **III.   Leave to Amend**

19      The undersigned has carefully considered whether plaintiff may further amend his

20  pleading to state a meritorious claim over which the court would have subject matter jurisdiction.

21  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."

22  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.

23  1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293

24  (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have

25  to allow futile amendments).  In light of the deficiencies noted above, and the nature of plaintiff's

26  allegations, the undersigned finds that it would be futile to grant plaintiff leave to amend in this

27

28

case.[1]

**IV.   Appointment of Counsel**

Plaintiff's amended complaint also requests the appointment of counsel.  (Am. Compl. (ECF No. 3) at 2.)  Plaintiff is informed that federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, because the undersigned is recommending that plaintiff's amended complaint be dismissed, the undersigned cannot find that plaintiff is likely to succeed on the merits.

**V.   Conclusion**

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel is denied.

Also, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's August 18, 2016 application to proceed in forma pauperis (ECF No. 2) be denied;

2.  Plaintiff's September 6, 2016 amended complaint (ECF No. 3) be dismissed without leave to amend; and

3.  This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written

---

[1]  In this regard, the undersigned notes that plaintiff has requested that "the proceedings take place in the Court of Admiralty on the SEA-BED FLOOR."  (Am. Compl. (ECF No. 3) at 2.)

1    objections with the court.  A document containing objections should be titled "Objections to

2    Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

3    objections within the specified time may, under certain circumstances, waive the right to appeal

4    the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5    Dated:  December 19, 2016

6

7

8    DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    DLB:6
      DB/orders/orders.pro se/ehringer1961.dism.f&rs

24

25

26

27

28

8